IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JASON G. ZOOK,

    Plaintiff,

vs.                                          Case No. 4:12cv47-WS/WCS

**FLORIDA DEPARTMENT OF
CORRECTIONS**, and
**CHAPLAIN STEPHEN FOX**,

    Defendants.

    _____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983, doc. 1, alleging that a policy of the Florida Department of Corrections as set forth in the Florida Administrative Code (chapter 33-602.101(4),(6)), prohibits the growing of facial hair except for medical reasons, and that this rule infringes upon his religious beliefs. Plaintiff further contends that forcing joint worship services for Jumuah Prayer between Orthodox Sunni Muslims with followers from the Black Nationalistic Movement of Louis Farakhan (The Nation of Islam) violates his rights. Plaintiff brings both claims under the First Amendment, Fourteenth

Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). Plaintiff has now filed a motion for a preliminary injunction. Doc. 8. Plaintiff requests that an order issue which forbids "Defendants from disciplining the Plaintiff for wearing and maintaining at least a ¼-inch beard for religious purposes pending" the issuance of final judgment in this case. *Id.*

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997), *citing* United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson County, 720 F.2d at 1519, *citing* Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974).

In a separate order entered this day, Plaintiff has been directed to file an amended complaint. The order explains that as filed, the initial complaint is deficient. Plaintiff has not shown how he has been substantially burdened in his religious beliefs. Moreover, the instant motion fails to show how Plaintiff would be irreparably injured should the injunction not be issued. Plaintiff has failed to meet all four prerequisites for injunctive relief and the instant motion must be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a preliminary injunction, doc. 8, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 19, 2012.


 S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**