IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JASON G. ZOOK,

    Plaintiff,

vs.                                    Case No. 4:12cv47-WS/CAS

KEN TUCKER, Secretary,
Florida Department of Corrections,

    Defendant.

_____/


## SECOND REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 12. The amended complaint has been reviewed as is required by 28 U.S.C. § 1915A.

Plaintiff's amended complaint is deficient because he did not set forth each factual allegation in short, separately numbered paragraphs as is required by Federal Rule of Civil Procedure 10(b). Pursuant to Rule 10(b), all statements "shall be made in numbered paragraphs, the contents of which shall be limited as far as practicable to a statement of a single set of circumstances." Fed. R. Civ. P. 10(b). Plaintiff has provided one numbered paragraph, single-spaced, that spans two pages. That does not comply with Rule 10(b), and the Defendant could not appropriately respond to the amended complaint.

In this case, however, there is no need to require the Defendant to respond to the amended complaint. Plaintiff seeks to bring claims under the First and Fourteenth Amendments, as well as the Religious Land Use and Institutionalized Persons Act (RLUIPA). Doc. 12, p. 6. Plaintiff contends that a policy of the Florida Department of Corrections as set forth in the Florida Administrative Code (FLA. ADMIN. CODE R. 33-602.101(4),(6)), prohibits the growing of facial hair except for medical reasons. Plaintiff asserts that this rule infringes upon his religious beliefs as he is commanded by Muhammad to not shave his facial hair. Plaintiff further contends that by allowing some inmates to grow and maintain a ¼-inch beard violates the Equal Protection clause.

It is well-settled that prison rules which require that prisoners be clean shaven, without a beard, do not violate the Constitution. Muhammad v. Crosby, 2007 WL 604937 (N.D. Fla. Feb. 22, 2007) (denying amendment to the complaint as futile and noting that because "the least restrictive means test is essentially the same test as would be applied in evaluating an RLUIPA claim, . . . adding Plaintiff's claim in this case would be futile."); Sylvian v. Florida Dept. of Corrections, 2010 WL 4386535, 1 (N.D. Fla. Sept. 28, 2010) (dismissed challenge to rule requiring inmates to be clean shaven for failure to state a claim); Shabazz v. Barnauskas, 790 F.2d 1536 (11th Cir. 1986) (upholding prison "no beard" rule against First Amendment challenge, and applying least restrictive means test); Martinelli v. Dugger, 817 F.2d 1499 (11th Cir. 1987), cert. denied, 108 S.Ct. 714 (1988) (prison hair length rule and shaving regulations upheld as constitutional under First Amendment and were "rationally related to substantial government interests); Brooks v. Wainwright, 428 F.2d 652 (5th Cir. 1970) (prison rule requiring inmates to shave twice a week did not violate prisoner's right to free exercise

of religion); Brightly v. Wainwright, 814 F.2d 612 (11th Cir. 1987) (upholding prison rule requiring all male inmates to be clean shaven and have their hair cut short was "rationally related to a substantial government interest" and restriction was "no greater than necessary to accomplish its purpose."), *cert. denied*, Watts v. Dugger, 108 S.Ct. 332 (1987); Daker v. Wetherington, 469 F.Supp.2d 1231, 1240 (N.D. Ga. 2007) (granting summary judgment in favor of Georgia Department of Corrections and upholding Georgia's shaving requirement against prisoner's First Amendment and RLUIPA challenges); *but see* Benning v. Georgia, –- F.Supp.2d —, 2012 WL 113724, 11 (M.D. Ga. 2012) (denying cross motions for summary judgment, finding neither party met its burden for challenge to prison grooming policy concerning growing earlocks). This Court has already denied challenges to the Department's shaving rule, Rule 33-602.101(4), and this case is controlled by precedent.

Furthermore, courts have upheld shaving rule challenges brought on equal protection grounds as well.  Ali v. Quarterman, 2011 WL 2847506, *2 (5th Cir. 2011) (denying equal protection challenge to shaving policy and finding that "inmate claiming a religious exemption from the TDCJ grooming policy is not, by definition, similarly situated to inmates receiving a medical exemption from the grooming policy."); Kuperman v. Wrenn, 2010 WL 3418398, at * 3 (D. N.H. Aug. 27, 2010) (finding rational basis for differences in shaving rules and entering judgment as a matter of law against prisoner's Equal Protection claim), *aff'd*, 645 F.3d 69, 78 (1st Cir. 2011); Gooden v. Crain, 2009 WL 4034937 (5th Cir. 2009) (denying prisoner's request for injunctive relief to grow a quarter-inch beard for religious reasons that complied with medical exception of shaving rule, finding prison policy was "least restrictive means of furthering a

compelling governmental interest"); <u>Fegans v. Norris</u>, 537 F.3d 897, 906 (8th Cir. 2008) (grooming policy furthered the government's interest in security); <u>Baranowski v. Hart</u>, 486 F.3d 112, 125 (5th Cir. 2007) (same).  Accordingly, Plaintiff cannot prevail on a challenge to the no beard rule on Equal Protection grounds either.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint, doc. 12, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on April 11, 2012.


 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**